## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1077 | **DATE** | March 19, 2008 |
| **CASE TITLE** | Kendrick Butler #2007-0054408 v. Gross | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* is granted.[3]. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $1.80 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail. The court dismisses the complaint without prejudice. Plaintiff is given until April 17, 2008, to submit an amended complaint or the court shall issue judgment dismissing this case. The clerk is directed to send Plaintiff one copy of the amended civil rights complaint form.

■[ For further details see text below.]                                        Docketing to mail notices.

### STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.80. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

Plaintiff alleges that he has a medical condition, asthma, but he fails to indicate how he is or is not receiving treatment, or whether any of the Defendants he names, all supervisory personnel, are in any way personally involved in the delivery of medical care to him. He further alleges that there was an incident where he was attacked by other inmates. He fails again to allege that any Defendant was involved in this attack, either allowing it to happen, or not protecting him when it did occur. Again he has failed to link any Defendant with any of the allegations in his complaint, nor has he described any incidents or delivery of medical care sufficiently to show that anyone was responsible for anything that happened to him.

| | Courtroom Deputy Initials: | STE |
|---|---|---|

**STATEMENT**

1) Naming the correct Defendants

An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). The Defendant must have acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights, or others' actions violating the plaintiff's rights must have occurred at his direction or with his knowledge and consent. *Black v. Lane*, 22 F. 3d 1395, 1401 (7th Cir. 1994); *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995). Further, supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Thus, if Plaintiff wants to proceed with his claim, he must submit an amended complaint naming as Defendants those individuals personally responsible for subjecting him to the deprivations alleged. *See Besecker v. Illinois*, 14 F.3d 309, 310 (7th Cir. 1994). He must include facts briefly explaining how the Defendants he names are involved in his claims and why they should be held answerable in damages to him. Plaintiff must also explain how Defendants have been deliberately indifferent to his health care.

2) Plaintiff's injury

In addition, Plaintiff must allege a link between particular conditions and injury to him. Thus far, he has failed to show how an alleged attack by other inmates had anything to do with the delivery of medical care to him.

In sum, these general allegations about health care or one inmate attack at the jail are insufficient to state a claim for relief unless he can explain how they have affected him personally, and unless he can name Defendants who were deliberately indifferent to his health such that they exposed him to these conditions.

The court accordingly dismisses the complaint without prejudice. Plaintiff is given until April 17, 2008, to submit an amended complaint on the forms required by General Rule 48 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each Defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Failure to comply with all the terms of this order will result in this dismissal becoming final.