# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1077 | **DATE** | April 30, 2008 |
| **CASE TITLE** |  | Kendrick Butler (#2007-0034408) vs. Correctional Officer Ross, et al. | |

**DOCKET ENTRY TEXT:**

On the court's own motion, the amended complaint is dismissed as to defendants Godinez, Romaro and Dart pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summonses for all other defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from attack even though they were aware that there was a "hit" on him; he further alleges that he was maced with pepper spray despite having informed officials that asthma and lung problems prohibited his exposure to chemical agents.

    By Minute Order of March 19, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint naming the specific officers who allegedly violated his constitutional rights. The plaintiff has complied with that order.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states colorable causes of action under the Civil Rights Act. Correctional officials may not act with deliberate indifference to a substantial risk of serious injury, as alleged here. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Accordingly, defendants Arels, Ross, Grochooski, and Turner must respond to the allegations in the amended complaint.

**(CONTINUED)**

    mjm

**STATEMENT (continued)**

However, the amended complaint does not state a cause of action against defendants Godinez, Romaro, or Dart. The plaintiff has alleged no facts suggesting supervisory officials' direct, personal involvement, as required by *H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violations of his constitutional rights occurred at supervisory officials' direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to state any facts suggesting that the Sheriff or the Director and Assistant Director of the Department of Corrections were personally involved in–or even aware of–the alleged circumstances giving rise to this action, they are dismissed as defendants in this matter.

The clerk shall issue summonses for service of the amended complaint on defendants Arels, Ross, Grochooski, and Turner. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the

**STATEMENT (continued)**

defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Case 1:08-cv-01077   Document 10   Filed 04/30/2008   Page 3 of 3
**STATEMENT (continued)**