# U.S. Department of Justice
## United States Marshals Service

### PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| **PLAINTIFF** Kendrick Butler | **COURT CASE NUMBER** 08C1077 |
| **DEFENDANT** Correctional Officer Ross, et al. | **TYPE OF PROCESS** S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Correctional Officer Arels #F8444, Cook County Jail

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

CCJ, C/O Legal Dept. 2700 S. California Ave., 2nd. Flr. Div.5, Chicago, IL 60608

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Kendrick Butler, #2007-0034408
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
MAY 13 2008 PH
MaY 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT   TELEPHONE NUMBER   DATE 05-05-08

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) — Total Process: 4 of 4 — District of Origin: No. 24 — District to Serve: No. 24 — Signature of Authorized USMS Deputy or Clerk: Td — Date 05-05-08

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service: 5/08/08   Time: 11:00 pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| One | Service fee charged same case + location | | | | | |

REMARKS: No one by the above name working at Cook County
1-OUSM  16-miles   See process sheet #1 for
2-Hours                                                   charges

| | |
|---|---|
| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** — FORM USM-285 (Rev. 12/15/80) |

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO:** Kendrick Butler
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Correctional Officer Arels, #F8444 _____ acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Kendrick Butler vs. Correctional Officer Ross, et al.
(CAPTION OF ACTION)

which is case number 08C1077 _____ in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 05, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____    _____
DATE                                  SIGNATURE

Printed/Typed Name: _____

As _____ of _____
       TITLE                       CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
Northern District of Illinois

**SUMMONS IN A CIVIL ACTION**

KENDRICK BUTLER

CASE NUMBER: 08CV1077

Vs.

JUDGE: ROBERT W. GETTLEMAN

TURNER, et al

TO: Correctional Officer Arels
#F8444

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name: Kendrick Butler
Firm: #2007-0034408
Address: P.O. Box 089002
City: Chicago, IL 60608
Telephone:

an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: *Maya Burke*
Maya Burke, Deputy Clerk

Dated: May 1, 2008

RECEIVED UNITED STATES MARSHAL 2008 MAY -5 PM 3: 45 NORTHERN DIST. OF IL. ADMINISTRATIVE-SECTION

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1077 | **DATE** | April 30, 2008 |
| **CASE TITLE** | Kendrick Butler (#2007-0034408) vs. Correctional Officer Ross, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, the amended complaint is dismissed as to defendants Godinez, Romaro and Dart pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summonses for all other defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from attack even though they were aware that there was a "hit" on him; he further alleges that he was maced with pepper spray despite having informed officials that asthma and lung problems prohibited his exposure to chemical agents.

By Minute Order of March 19, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint naming the specific officers who allegedly violated his constitutional rights. The plaintiff has complied with that order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states colorable causes of action under the Civil Rights Act. Correctional officials may not act with deliberate indifference to a substantial risk of serious injury, as alleged here. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Accordingly, defendants Arels, Ross, Grochooski, and Turner must respond to the allegations in the amended complaint.

(CONTINUED)

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: Mag Burk
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 5-1-08

mjm

Page 1 of 3

| STATEMENT (continued) |
|---|

However, the amended complaint does not state a cause of action against defendants Godinez, Romaro, or Dart. The plaintiff has alleged no facts suggesting supervisory officials' direct, personal involvement, as required by *H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violations of his constitutional rights occurred at supervisory officials' direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to state any facts suggesting that the Sheriff or the Director and Assistant Director of the Department of Corrections were personally involved in--or even aware of--the alleged circumstances giving rise to this action, they are dismissed as defendants in this matter.

The clerk shall issue summonses for service of the amended complaint on defendants Arels, Ross, Grochooski, and Turner. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the

## STATEMENT (continued)

defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Amended

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kendrick Butler

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

Correctional officer (ARels #78444)
Seargent (ROSS)
Leutinant (GRochooski)
Superintendent (Turner)
Executive Director (SAlvador Godinez)
Assistant Executive Director (Romaro)
Sheriff (Thomas Dart)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 08C1077
(To be supplied by the Clerk of this Court)

Jury Trial demanded

RECEIVED
UNITED STATES MARSHAL
2008 MAY -5 PM 3:45
NORTHERN DIST. OF IL.
ADMINISTRATIVE SECTION

CHECK ONE ONLY:

____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

__X__ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A. Name: Kendrick Butler

    B. List all aliases: Kendric Butler

    C. Prisoner identification number: 20070034408

    D. Place of present confinement: Cook County Jail

    E. Address: 2600 S. California

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A. Defendant: Ross
       Title: Seargent
       Place of Employment: Cook County Jail

    B. Defendant: Grochski
       Title: Leutinant
       Place of Employment: Cook County Jail

    C. Defendant: ~~Superintendent~~ Turner
       Title: Superintendent
       Place of Employment: Cook County Jail

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

Defendant: SAlWAdor Godinez
   Title: Excutive Director
Place of Employment: Cook County Jail


Defendant: Romaro
   Title: Assistant Excutive Director
Place of Employment: Cook County Jail


Defendant: Thomas Dart
   Title: Sheriff
Place of Employment: Cook County Jail


Defendant: Arels #F8444
   Title Correctional officer
Place of Employment: Cook County Jail

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Kendrick Butler #20070034408 v. Thomas Dart et al.

B. Approximate date of filing lawsuit: Dec. 10, 2007

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Kendrick Butler

D. List all defendants: Correctional Officer (Abels #15448), Seargent (Barton), Officer (Shuhch), Superintendent (Turner), Executive Director (Salvador Godinez), Assistant Executive Director (Romaro) Sheriff (Thomas Dart)

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court, Northern District Illinois

F. Name of judge to whom case was assigned: Robert W. Gentleman

G. Basic claim made: Medical injuries mental and physical and pain and suffering.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Still pending

I. Approximate date of disposition: Dec. 10 2007

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV: Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On June 9, 2007 I was notified by an inmate some people from the outside of this institution put a price, bounty, hit on my head and they wanted me severly wounded or dead. When I came back from court I notified correctional officer ABels #F8444. I didn't know the inmate Government Name so I gave him the Nick name. But the correctional officer ignored my acknowledgement and didn't try to Assit my security and called his seargent "Ross", who notified his Leutinant "Grocheoski", who didn't want to listen to any thing I had to say or assit my security to be given protetive custody, which is apart of our inmate rights once we feel our life are in danger. I informed the correctional officer, Leutinant and seargent Numerous times about my lungs and security are jeperdized if he mase/pepper spray me and throw me back into the cell. Instead I

4

Revised 9/2007

were pepper/mase any way without acknowledging my medical history of bad lungs and my dianose's Asthma. Now my lungs are currently malfunctioning and I was beaten after I've informed these security staffs. I was never acknowledged by the Director, Superintendent, Sheriff or any other higher staffs that could ot help me. I filled out request forms and Asked personally to speak to these individuallys. No security; medical injuries and my inmate Rights were violated. My medical injuries are when peppered sprayed collapesing in the lungs, and now using my inhaler on a daily basics when at first I didn't need to use at all. Then later in the feture later being beaten and suffering from blackouts, Blood in my urine and other heart, brain and lung injuries.

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Monetary damages in the amount of $100,000.00 for pain and suffering, physical and mental here in punitive damages of 100,000.00 and any other just award from each defendant.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __3__ day of __27__, 20 _08_

_____
(Signature of plaintiff or plaintiffs)

_____
(Print name)

_____
(I.D. Number)

_____
(Address)

6

Revised 9/2007