## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KENDRICK BUTLER,                           )

                                     )

           Plaintiff,                  )     08 C 1077

                                     )

     vs.                             )     Honorable Judge

                                     )     Robert Gettleman

CORRECTIONAL OFFICER ARELS (#F8444), et al.  )

                                     )

          Defendants.             )

## DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11

NOW COME DEFENDANTS, CORRECTIONAL SERGEANT ROSS, LIEUTENANT GROCHOWSKI and SUPERINTENDENT TURNER, by and through their attorney RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney Francis J. Catania hereby move for sanctions against Plaintiff for filing a deficient Complaint. This motion is made pursuant to Rule 11 (c) of the Federal Rules of Civil Procedure. In support of their motion Defendants state as follows:

## STATEMENT OF FACTS

For purposes of this motion the following facts are deemed true, though by no means are they admitted. Plaintiff, Kendrick Butler, is currently residing at the Cook County Department of Corrections. (See Plaintiff's Complaint). The moving Defendants are employees of the Office of the Sheriff of Cook County. On June 9, 2007 an unidentified person informed Plaintiff that there was a hit out on him by other unknown persons and that he was to be severely beaten or wounded. Plaintiff then informed an un-served, unidentifiable defendant [Arels] of the threat against him. Plaintiff requested to be placed in protective custody, and this request was denied. Plaintiff also informed correctional personnel that he suffered from asthma. Subsequent to

1

informing personnel of this condition, Plaintiff was beaten and mace was used on him. As a result Plaintiff suffers from diminished lung function as well as other injuries. Plaintiff filed a grievance and claims that he has completed the process. On February 21, 2008 Plaintiff filed an unsigned lawsuit.

## ARGUMENT

**I.     Plaintiff's Unsigned Complaint fails to comply with Rule 11 - Standards**

Under Federal Rule of Civil Procedure 11 (c), sanctions are proper where a complaint is unsigned. *EEOC v. Concentra Health Services*., 496 F.3d 773, 777 (7th Cir. Ill. 2007). Plaintiff has failed to meet this standard as he has failed to comply with Rule 11(a). Rule 11(a) requires that any pleading, written motion, or other paper filed on behalf of an unrepresented party must be signed by that party. Furthermore,    Rule 11 requires all unrepresented plaintiffs to sign the complaint, and the signature conveys all of the representations specified by Rule 11(b) for the entire complaint. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. Wis. 2004). Among those representations are that the claim is not being presented for any improper purpose; the claim is warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law; and that the allegations have evidentiary support.

A Party must sign the document if the party is not represented by counsel. *Maxwell v. Snow,* 409 F.3d 354, 356 (D.C. Cir. 2005). The essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit. A signature sends a message to the district court that this document is to be taken seriously. *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 546 (U.S. 1991). The absence of a signature also sends a message of the opposite character – the document should not be taken seriously.

Rule 11 requires only that the court impose "an appropriate sanction." It does not catalog all of the types of sanctions that may be "appropriate," other than to remark that the sanction may comprise "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation" (subdivision (c)(2)). There are few limits placed on judicial creativity in fashioning an appropriate sanction. See Adv. Com. Note (1983) to Rule 11 ("The court ... retains the necessary flexibility to deal appropriately with violations of the Rule. It has discretion to tailor sanctions to the particular facts of the case ...") [See Treatise, 1-2 Sanc. Fed. Law of Lit. Abuse § 16].

## II.    The Complaint and Amended Complaints are unsigned and should be stricken

The Plaintiff has presented this court with several papers including Documents 1, 6, and 11 which purport to be a Complaint and Amended Complaints. None of these filings are signed. In addition, two "letters" have also been submitted Documents 16 and 21. These letters are also unsigned. In fact, none of the papers filed in this case except for the motion for leave to proceed *in forma pauperis* have been signed by the plaintiff. (In contrast with this, all papers filed in Plaintiff's other case 07 CV 6826 now pending before this court, seem to have been signed, showing that the plaintiff is familiar with the requirements of Rule 11.)

## III.    This Court should strike the unsigned Complaint

Since the unsigned Complaint bears no *indicia* of reliability, the court should dismiss it. In the alternative, the court should strike the complaint, subject to a reasonable period of time to permit the Plaintiff to cure the defect if he can consistent with rule 11 and impose the sanction of requiring the full filing fee.

## CONCLUSION

**WHEREFORE,** the Defendants request the court enter an order striking the unsigned complaint and requiring plaintiff to cure the pleading by filing an amended complaint consistent with Rule 11 within a reasonable period of time and/or denying *in forma pauperis* status and requiring a full filing fee be imposed before the complaint is permitted to proceed.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:     s/Francis J. Catania  ARDC#6203188
        Francis J. Catania, Assistant State's Attorney
        Elizabeth Cocat, Senior Law Student
        Richard J. Daley Center
        50 W. Washington Street Room 500
        Chicago, IL 60602
        (312) 603-6572

4